*E-filed 4/8/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA SANCHEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, et al.<br><br>    Defendants.<br>_____/ | Case No. C06-06331 JW (HRL)<br><br>**ORDER ON PRODUCTION OF DOCUMENTS FOLLOWING *IN CAMERA* REVIEW**<br><br>Re: Docket No. 26, 29 |

The parties stipulated to the terms of a protective order by which an Internal Affairs Unit (IAU) report would be submitted to the court for *in camera* review. Defendants object to producing the report on grounds of official information privilege. The submitted materials have now been reviewed[1] and the supplemental briefs have been considered.

**I. BACKGROUND**

The underlying events in this case stem from the 2006 "Mardi Gras celebration" in downtown San Jose. Plaintiff Christina Sanchez alleges that she and several of her friends were part of the crowd at the celebration. It appears that Sanchez and her friends interacted with

---

[1] Review was delayed because the original submission consisted of a disorganized stack of documents without Bates numbers and did not comply with Civil L-R 79-5.

police officers after one member of the group attempted to walk across the property surrounding City Hall. According to Plaintiff, during the ensuing encounter with San Jose police officers, she was pushed to the ground and struck with a police baton. Several other individuals who were part of Plaintiff's group also claim that officers used unnecessary force (either against themselves or other group members).

Based on these events, Sanchez sues the City of San Jose and several "Doe" police officers alleging violation of 42 U.S.C. § 1983 and various other tort claims. Plaintiff wants access to these documents because she has been unable to conclusively establish which officers were involved in the encounter with Sanchez and her friends.[2]

## II. LEGAL STANDARD

This court recognizes a right of privacy respecting confidential law enforcement records. Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987); Soto v. City of Concord, 162 F.R.D. 603 (N.D. Cal. 1995). When assessing the confidentiality of such records court utilize a "case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interest of the governmental entity asserting the privilege." Kelly, 114 F.R.D. at 661. If an individual's privacy is at stake, courts balance "the need for the information sought against the privacy right asserted." Soto, 162 F.R.D. at 616. However, "a carefully drafted protective order could minimize the impact" of disclosure. Id.

For official information privilege, this court uses the Kelly five prong standard. A party seeking non-disclosure must submit an affidavit from an agency official which includes the following: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) statement that the official has personally reviewed the material; (3) specific identification of the governmental or privacy interests threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would still create a substantial risk of harm to

---

[2] Two motions are currently pending before the presiding judge related to this production: Plaintiff's Motion for Leave to Add Defendants (Sgt. Abruzzini and Officers Camarillo and Nunes) and Defendant's Motion for Summary Judgment.

2

1 significant governmental or privacy interests; and finally, (5) a projection of how much harm
2 would be done to the threatened interests if the disclosure were made. Id. at 670. If the
3 defendant's submissions are insufficient, then the court will order disclosure of the documents.
4 Id. at 671.

### III.  DISCUSSION

The court's biggest concern with production of the materials in question is that the documented investigation did not involve complaints lodged by or directly concerning Sanchez. However, the investigation does include some information relevant to her claims.  For instance, Plaintiff's name is mentioned throughout the report - including witness descriptions of the alleged baton contact with Plaintiff.  Furthermore, the investigation certainly pertains to the police encounter with Plaintiff's group of friends and identifies many of the officers who interacted with the group. It is within this context that the court considers whether the Kelly factors have been met.

*First and Second Prongs:* The Declaration of Lieutenant Phan Ngo satisfies the first two requirements under the five prong test.  [Docket No. 27, ¶¶ 3 and 4].

*Third Prong:* Defendants' showing under the third requirement, dealing with specification of the interests threatened by disclosure, is underwhelming.  They first argue that the privacy interests of the particular police officers are implicated by disclosure - particularly when the statements were compelled by superiors and were related to an investigation about an individual other than Sanchez.  However, when documents are related to the officers' work with the police department, then the right to privacy does not apply. See Soto, 162 F.R.D. at 616 (suggesting that internal investigation files are not protected by right of privacy when documents "related simply to the officers' work as police officers") (citing Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981)).  But, the court will still scrutinize the documents to ensure that they are relevant to Plaintiff's claims and that they do not unnecessarily disclose information about officers who are not directly involved in the encounter.

3

Defendants also argue that the conclusions of the IAU officers should not be permitted because disclosure will discourage exhaustive investigations and candid analysis. But there is no support for this argument and in the past, courts have struck down such reasoning. See Kelly, 114 F.R.D. at 672 and Soto, 162 F.R.D. at 613-14. There is no reason to depart from that logic here.

Finally, Defendants claim that disclosure of statements from members of the public should not be allowed because it will discourage witnesses from coming forward with information. Here, however, all public witness statements were voluntary statements made by persons who were part of Plaintiff's group of friends. It appears that they came forward out of concern for how the encounter was handled by the San Jose police. Therefore, Defendants' concern is not applicable in this particular circumstance.

*Fourth Prong:* With respect to the fourth element, Lt. Ngo claims that a carefully crafted protective order, like the one already in place, would be insufficient because disclosure would still discourage exhaustive investigation of incidents and because members of the public would be less likely to come forward with information. These arguments were addressed above and the court again finds such arguments unavailing.

*Fifth Prong:* Finally, Lt. Ngo asserts the following harms will result if disclosure is permitted:[3] disclosure of identification and personal data of officers involved, names of witnesses, and the circumstances of the incidents. The court agrees, to some degree, with Defendants' concern over the identification of personal information of officers. Therefore, the court has redacted from the production documents which do not relate to Plaintiff's claims or officers directly involved in the encounter. However as to witness names, the court will allow production for the reasons stated under the prong three analysis. Finally, the "circumstances of the events" are certainly relevant and shall not be withheld under an official information privilege.

---

[3] Under this requirement, Defendants were to project how much harm would be done to the threatened interests if disclosure is permitted. However, Defendants do not so much project the amount of harm, as they do restate it.

4

### IV.  ORDER

Defendant submitted documents SJ000110 through SJ000208.  The court has reviewed the materials [4] and now orders as follows:

1. *Incident Report and Follow-up*

Defendants shall produce the Incident Summary Report (SJ000110-000112), the Internal Affairs Unit: Complete Report of Case Number I2006-0095 (SJ000129-000183) and the Additional Complainants / Witnesses sheet (SJ000184).  However, they need not produce the Findings of IA Case I2006-0045 document (SJ000115), as it does not contain any information directly relevant to Plaintiff's claims.

2. *Memoranda*

Defendants shall produce Memoranda pertaining to investigations of particular officers as related to the encounter.  This includes the series of Memoranda dated 3/16/06, Bates numbered SJ000201 through (and including) SJ000206, as well as the 6/30/06 Memorandum from Lt. Nunes (SJ000119-000124).

However, Defendants do not need to produce the following since they are not sufficiently related to Plaintiff's claims or only serve to identify police officer witnesses.

SJ000113 - SJ000114: 11/6/06 Memorandum; 10/4/06 Memorandum

SJ000116: 9/20/06 Memorandum

SJ000117-000118: 7/17/06 Memorandum

SJ000128: 6/15/06 Memorandum

SJ000207 - SJ000208: 3/16/06 Memoranda

3. *Internal Affairs Unit Interview Processing Forms*

Documents SJ000125 and SJ000185-SJ000200 do not include any information relevant to Plaintiff's claims and need not be produced by Defendants.

---

[4] The stipulated protective order indicated that tape recordings would be produced along with the documents, but none were included in Defendant's submissions.

5

1  4.   *San Jose Police Force Policy*

2  The "Use of Force General Provisions" document (SJ000126-000127) is relevant to

3  Plaintiff's claims and Defendants do not carry their burden for non-disclosure under Kelly.

4  Therefore, it shall also be produced.

6  Given the time sensitivities for the briefing of the two pending motions and since the

7  burden of production is minimal, **the materials shall be produced, as set forth above, by the**

8  **end of the business day on April 10, 2008.**

10  **IT IS SO ORDERED.**

12  Dated:  4/8/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Michael J. Dodson cao.main@sanjoseca.gov

Matt Gonzalez mgonzalez@gonzalezleigh.com, linglis@gonzalezleigh.com

Brian C. Hopper cao.main@sanjoseca.gov

Gilbert Whitney Leigh wleigh@gonzalezleigh.com, bbrazier@gonzalezleigh.com, gmiranda@gonzalezleigh.com, lrivers@gonzalezleigh.com, mspringman@gonzalezleigh.com

Juan Enrique Pearce epearce@pearcelawoffices.com, judyb@pearcelawoffices.com

Nkia Desiree Richardson cao.main@sanjoseca.gov

Bryan W Vereschagin bvereschagin@gonzalezleigh.com, gmiranda@gonzalezleigh.com, lrivers@gonzalezleigh.com, malberto@gonzalezleigh.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated:   4/8/08                              /s/  KRO
                                             Chambers of Magistrate Judge Howard R. Lloyd