*E-filed 8/7/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA SANCHEZ, | Case No. C06-06331 JW (HRL) |
| Plaintiff, | |
| v. | **ORDER PLAINTIFF'S MOTION TO COMPEL** |
| CITY OF SAN JOSE, et al. | Re: Docket No. 63, 65 |
| Defendants. / | |

**I. BACKGROUND**

This 42 U.S.C. § 1983 case arises from the 2006 unofficial "Mardi Gras celebration" in downtown San Jose.  In past years, the celebration had resulted in rowdiness and vandalism, and the San Jose Police Department ("SJPD") was out in force to control the crowd. Late that evening, plaintiff Christina Sanchez and some friends were walking back to their dormitory at San Jose State University. One or more of them started to take a short cut across the grounds of the new City Hall. A contingent of police officers in riot gear were stationed there to protect the building from vandalism. The police shouted to the group to back away from City. The parties dispute whether the group complied immediately, or not. Plaintiff alleges that a policeman shoved her from behind, causing her to fall to the ground where another police officer allegedly struck her with his baton. Plaintiff claims she was injured by the baton strikes.

1  A KPIX news team was across the street and recorded what has been described as a 5-
2  second video of the interaction between plaintiff and the police. The court has not seen the
3  video, and received its information about what appears from counsel.[1] A number of policeman
4  appear in the video (the precise number is not known to the court), at least one of whom appears
5  behind a woman, who plaintiff identified as herself. Plaintiff falls to the ground, perhaps
6  because she was pushed and perhaps because she stumbled. She recovers and stands without
7  help a few seconds later. The video apparently does not show whether someone did or did not
8  strike her with a baton while she was on the ground.

9  Defendant produced Captain Diane Urban as a designated witness under Fed. R. Crim.
10 P. 30(b)(6). The plaintiff is dissatisfied with her testimony and now moves to compel her to
11 give a better prepared answer to the question: can you identify the officers depicted in the KPIX
12 video footage? Some of the officers on the scene have been identified through deposition or
13 records, but the officers who (allegedly) pushed plaintiff and struck her have not. Plaintiff also
14 moves to compel the deposition of SJPD Sergeant Edward Schroder, an Internal Affairs officer,
15 and SJPD Chief Robert Davis.

## II. LEGAL STANDARD

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The party resisting relevant, nonprivileged discovery has the burden of showing why discovery should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## III. DISCUSSION

*Redeposition of Captain Urban*

Captain Urban testified that she could not recognize any of the officers appearing in the video footage . Yes, they were among the dozens or more officers under her command that night, but with all of the riot gear, and no way to see badge numbers or clear faces in the very

---

[1] No one bothered to furnish a copy of the video to the court.

2

1  brief footage, she could not say who anyone was. That is part of the answer to the question
2  posed.
3      The other part of the question is whether she (speaking for the City of San Jose) has,
4  through investigation, determined the probable identities of the officers in the footage. Her
5  responses to questions indicate she had consulted some possible sources of information, but
6  perhaps not others.
7      Accordingly, Captain Urban shall—to the extent she has not already done
8  so—undertake a reasonably thorough inquiry and investigation to prepare herself to answer the
9  following questions (including reasonable follow-up) on behalf of the City of San Jose:

10      1. Can you, as a result of your inquiry and investigation, name any of the officers in the
11      video?
12      2. If the answer to question 1 is yes, can you state which officer is which (i.e. who is
13      behind the woman, who is in front, etc.)?
14      3. Did any officer at the scene shove the plaintiff, resulting in her fall? If so, who?
15      4. Did any officer at the scene strike plaintiff with his baton? If so, who?
16      5. Describe your efforts to obtain information to answer the previous questions.
17  The defendant shall produce Captain Urban for a follow-up 30(b)(6) deposition on these
18  questions only.

19  *Depositions of Sergeant Schroder and Chief Davis*

20      A number of plaintiff's friends filed complaints with the SJPD about their interactions
21  with the SJPD on the night in question. Sergeant Schroder conducted an investigation
22  culminating in an Internal Affairs Unit report which mentions plaintiff in passing. This court
23  conducted an *in camera* review of the internal documents, and ultimately granted plaintiff
24  access to the report, but not the "findings" of the investigation. The plaintiff noticed a
25  deposition of Sergeant Schroder, and the defendants' objected on the grounds that his testimony
26  was protected from disclosure by the California Evidence Code, the California Penal Code, and
27  attorney-client privilege and work-product doctrine. Plaintiff's motion to compel deposition of
28  Sergeant Schroder is denied. However, Sergeant Schroder might be a possible source of

information for Captain Urban in her preparation to testify on the City's behalf since he interviewed officers on the scene.

Both parties agree that the city will produce a witness to testify about the policies, procedures and practices of the San Jose Police Department. Plaintiff's motion to compel deposition of Police Chief Robert Davis is, therefore, denied as moot.

**IT IS SO ORDERED.**

Dated: 8/7/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE ELECTRONICALLY MAILED TO:

Michael J. Dodson cao.main@sanjoseca.gov

Matt Gonzalez mgonzalez@gonzalezleigh.com, linglis@gonzalezleigh.com

Brian C. Hopper cao.main@sanjoseca.gov

Gilbert Whitney Leigh wleigh@gonzalezleigh.com, bbrazier@gonzalezleigh.com, gmiranda@gonzalezleigh.com, lrivers@gonzalezleigh.com, mspringman@gonzalezleigh.com

Juan Enrique Pearce epearce@pearcelawoffices.com, judyb@pearcelawoffices.com

Nkia Desiree Richardson cao.main@sanjoseca.gov

Bryan W Vereschagin bvereschagin@gonzalezleigh.com, gmiranda@gonzalezleigh.com, lrivers@gonzalezleigh.com, malberto@gonzalezleigh.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated: 8/7/08 /s/ mpk
Chambers of Magistrate Judge Howard R. Lloyd