**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| United States of America, | NO. CR 06-00239 JW |
|---|---|
| Plaintiff, | **ORDER REQUESTING RESPONSE RE: PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| Alberto Sandoval-Lopez, | |
| Defendant. | |

## I.  INTRODUCTION

Defendant, acting in *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence on the ground of ineffective assistance of counsel.  The Court orders Plaintiff to respond to the Petition.

## II.  BACKGROUND

According to the Defendant, on March 5, 2007, with assistance of counsel, Defendant signed an agreement with the government pleading guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a), 846, and 941(b)(1)(A)(I).  On May 25, 2007, Defendant was convicted and sentenced to 151 months in prison.

In a letter dated January 29, 2008, Defendant's counsel for his criminal case, Rommell Bondoc, informed him that his co-defendant in the case had received a sentence of only thirty months.  On March 3, 2008, Defendant filed his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

**United States District Court**
For the Northern District of California

### III.  DISCUSSION

**A.**  **Standard of Review**

Title 28 U.S.C. § 2255 provides:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The statute of limitations provision contained in Section 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**B.**  **Defendant's Claim**

As a preliminary matter, the Court must determine whether Defendant's claim is time-barred under the applicable statute of limitations.  It appears from the Petition that Defendant first learned that his co-defendant received a much lighter sentence than he did when he received the letter informing him of such on or around January 28, 2008.  The letter itself implies that Mr. Bondoc wrote to Defendant in response to Defendant's request for documents relating to his co-defendant's plea agreement.  It appears to the Court that Defendant exercised due diligence in seeking out information about the terms of his co-defendant's sentence and could not have reasonably obtained the information earlier, considering that he was in prison at the time and had limited contact with his former counsel.  Since the information contained in Mr. Bondoc's letter provides the basis for Defendant's claim of ineffective assistance of counsel, the Court finds that January 28, 2008 is "the

2

**United States District Court**
For the Northern District of California

1  date on which the facts supporting the claim or claims presented could have been discovered through

2  the exercise of due diligence." <u>See</u> 28 U.S.C. § 2255(f)(4).  Defendant filed his Motion on March 3,

3  2008, less than two months after receiving the letter from counsel.  Thus, the Court finds that

4  Defendant's Motion is not time-barred by the one-year statute of limitations period provided in

5  Section 2255(f).

6        As to Defendant's substantive claim, Defendant contends that Mr. Bondoc failed to

7  competently represent him, which resulted in Defendant entering into a plea agreement that provided

8  a much harsher sentence than the sentence his co-defendant received.  Defendant alleges that Mr.

9  Bondoc was aware that Defendant's co-defendant received a sentence of only thirty months.  Yet

10  despite this knowledge, Mr. Bondoc negotiated for Defendant a plea agreement that provided a

11  sentence of 151 months, even though the Probation Officer's Report stated that both defendants

12  were equally culpable.  Liberally construed, Defendant's claim appears cognizable under § 2255 and

13  merits an answer from Plaintiff.

14        In light of Defendant's claim, the Court orders Plaintiff to respond to Defendant's claims.

15                    <u>**IV.  CONCLUSION**</u>

16        The Court ORDERS as follows:

17  1.        The Clerk shall serve by mail a copy of this Order and the Petition and all

18             attachments upon the United States Attorney.  Clerk shall also serve a copy of this

19             Order on the Defendant.

20  2.        Plaintiff shall file with the Court and serve on Defendant, within **sixty (60) days** of

21             the issuance of this order, its response showing cause why a writ of habeas corpus

22             should not be granted.

23  3.        If Defendant wishes to reply to Plaintiff's response, he shall do so within **thirty (30)**

24             **days** of his receipt of Plaintiff's response.  Defendant shall serve Plaintiff a copy of

25             his reply.

26

27

28                                3

**United States District Court**
For the Northern District of California

1    4.     It is Defendant's responsibility to prosecute this case.  Defendant is reminded that all

2          communications with the Court must be served on Plaintiff by mailing a true copy of

3          the document to Plaintiff's counsel.  Defendant must keep the Court and all parties

4          informed of any change of address by filing a separate paper captioned "Notice of

5          Change of Address."  He must comply with the Court's Orders in a timely fashion.

6          Failure to do so may result in the dismissal of this action for failure to prosecute

7          pursuant to Federal Rule of Civil Procedure 41(b).

8

9    Dated:  November 20, 2009                    _____

10                                                JAMES WARE
                                                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

United States Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA 95113

Alberto Sandoval-Lopez
72381-080
3600 Guard Road, Unit C
Lompoc, CA 93436-2705

**Dated:  November 20, 2009**          **Richard W. Wieking, Clerk**

**By:____/s/ JW Chambers_____**
                     **Elizabeth Garcia**
                     **Courtroom Deputy**

United States District Court
For the Northern District of California